## CIRCUIT COURT OF WARREN COUNTY

Joseph J. Kovalchick et al.

v.

Emmett Joseph Sheedy et al.

December 9, 1991

Case No. (Chancery) 91–95

BY JUDGE JOHN E. WETSEL, JR.

This case came before the Court for trial on December 5, 1991, on a prayer for an injunction against the keeping of chickens, ducks, and geese within a residential subdivision in violation of a restrictive covenant. The complainants appeared in person and with their attorney, J. Michael Solak, Esq. The defendants appeared in person and with their attorney, A. Casey Struckmann, Esq. Evidence was presented and argued, and upon consideration whereof, the Court makes the following [findings and rulings].

### I. *Findings of Fact*

The following facts are found by the greater weight of the evidence.

On August 8, 1977, Joseph H. Ball and Elizabeth R. Ball dedicated a sixteen-lot subdivision, called "Shannon Woods," in a rural part of Shenandoah Magisterial District, Warren County, Virginia. The Deed of Dedication of this subdivision (Plaintiffs' Exhibit 1) contained three restrictive covenants, none of which are at issue in this case, and stated that the purpose of the restrictions was:

> In order to promote the orderly development of the subdivision and to maintain high quality standards for residences there, conserve property values, reduce nuisances, and promote the general welfare of the property owners in said subdivision, said reservations and covenants shall be

deemed to be included in each lot and shall run with the land and shall be binding upon the owners of all lots shown on the plats of said subdivision.

The Deed of Dedication also provided for the formation of a property owners' association.

By deed dated January 13, 1981, recorded in Warren County Deed Book 282, at page 356, the Defendants Sheedy acquired lot 4 of Shannon Woods Subdivision (Plaintiffs' Exhibit 6). This deed expressly provided that it was subject to the Deed of Dedication of Shannon Woods Subdivision and further provided that the conveyance was made and accepted subject to the following restriction:

No pigs or chickens or other objectionable animals shall be kept on said lot. It is expressly agreed that horses and cattle are not objectionable animals under this prohibition.

This deed contained additional restrictions intended to maintain the residential character of the subdivision as did the other out conveyances from the Balls.

Complainants Kovalchick acquired lot 6, which adjoins the Sheedy Lot, on November 3, 1989, by deed recorded in Warren County Deed Book 414, at page 854 (Exhibit 1 of the Bill of Complaint).

The deed from the Developer Balls to the Kovalchicks' predecessor in title also contained a restrictive covenant that "No pigs or chickens or other objectionable animals shall be kept on said lot (Plaintiffs' Exhibit 8)."

Thirteen of the sixteen lots in the subdivision are subject to a restrictive covenant that "No pigs or chickens or other objectionable animals shall be kept on said lot (Plaintiffs' Exhibits 3–15, 17, and 18, Summary of Restrictions Shannon Woods Subdivision)." Following the recordation of the deed of dedication, lots were sold by the developer, and permanent residences of good quality were built on thirteen of the lots in Shannon Woods Subdivision (Plaintiffs' Exhibit 16 and Defendants' Exhibits 1 and 2). The lots are all essentially five acres in size and appear well maintained. All of the lots but two are densely wooded, and it does not appear that there has been any agricultural use of the lots of any substantial character since the creation of the subdivision. Two of the lots are still retained by the developer, and lot ten was conveyed without the restriction in question.

Defendants Sheedy are keeping nine chickens, fifteen ducks, and one goose on their lot.

The Kovalchicks have protested to the Sheedys and asked them to remove the chickens, ducks, and goose from their lot, and the Sheedys have refused; consequently, the Kovalchicks filed this suit for an injunction.

## II. *Conclusions of Law*

The law governing the enforcement of restrictive covenants is well stated in *Riordan v. Hale*, 215 Va. 638, 641, 212 S.E.2d 65 (1975):

> Restrictive covenants that do not contain unconstitutionally discriminatory provisions are widely accepted devices designed to maintain property values in residential subdivisions. Such covenants must be strictly construed, and the burden is on one who seeks to enforce them to show that they are applicable to the acts of which he complains. Nevertheless, when applicable, the covenants will be enforced.

*Accord, Marks v. Wingfield*, 229 Va. 573, 577, 331 S.E.2d 463 (1985). Given the character of the development and the statements set forth in the Deed of Dedication, there is no question but that the Balls have a common scheme of development for Shannon Woods Subdivision and that this general plan was to preserve the residential character of the development, which was the express purpose of the original restrictions in the deed of dedication, and which restrictions were later amplified in each out conveyance.

The restrictions set forth in the Sheedys' deed: "No pigs or chickens or other objectionable animals shall be kept on said lot" may be enforced by the Kovalchicks. There is some variation in the wording of the covenant under scrutiny in the various deeds (Plaintiffs' Exhibit 18), Lot 10 has no such restriction, and two lots are still retained by the developer without the animal restriction. "However, to create a general plan of development, the restrictions need not be identical, or completely uniform, so long as the scheme of creating a uniform subdivision is apparent." 20 Am. Jur. 2d *Covenants* § 176. The restriction against "chickens and other objectionable animals" contained in the out conveyances from the developer, while burden-

ing most of the lots, is for the benefit of all the lots. *See, Stoney Creek Resort v. Newman*, 240 Va. 461, 466, 397 S.E.2d 878 (1990) (easement to lake); and *Mid-State Equipment Co v. Bell*, 217 Va. 133, 141, 225 S.E.2d 877 (1976) (reciprocal negative easement). In the case at bar, it is clear that chickens may not be kept on any lot within the Shannon Woods Subdivision as they have been expressly excluded by the terms of the restrictive covenant. "Specific words in a covenant will be given the common, ordinary meaning attributed to them at the time when the instrument containing the covenant was executed." *Marriott Corp. v. Combined Properties*, 239 Va. 506, 512, 391 S.E.2d 313 (1990).

Having resolved the chicken issue, the pertinent inquiry is whether or not geese and ducks would be considered to be "other objectionable animals" within the proscription of the restrictive covenant. While the term "objectionable" may be general, it should be given an objective interpretation to mean what is objectionable to a reasonable person. *See generally* 20 Am. Jur. 2d *Covenants* § 198. The restrictions on lots four, five, seven, twelve, and fifteen expressly provided that horses and cattle were exempted from the objectionable animal prohibition of the restrictive covenants. Geese and ducks like chickens are common barnyard fowl and are known to be raucous and prone to wander. The inquiry in this case is whether maintenance of ducks and geese on a lot within the subdivision would be likely to adversely affect the residential character of the development and be "objectionable" to a reasonable person.

As our modern society has evolved from an agrarian culture to an urban and suburban one, the relationship between man and domestic animals has changed accordingly. The family cow and a yard full of chickens, ducks, and geese, while commonplace in the first decade of this century, are an anathema to the modern residential subdivision; consequently, restrictions against the keeping of barnyard animals occur frequently in modern subdivision restrictive covenants. *See* 20 Am. Jur. 2d *Covenants* sect. 199. When the Shannon Woods Subdivision was created in 1977, the developer expressly stated in the Deed of Dedication that the subdivision "shall be subject to the following . . . protective covenants in order to promote the orderly development of the subdivision and to maintain high quality standards for residences there, conserve property values, reduce nuisances . . . ." In furtherance of this residential plan, the developer expanded

the restrictive covenants in his out conveyances. The covenant contained in the first three out conveyances, "No pigs or chickens or other objectionable animals shall be kept on said lots" was mollified by the developer in the deeds to lots four, five, seven, twelve, and fifteen to allow horses and cattle, which shows that the developer intended the initial proscription against "other objectionable animals" to apply to all common barnyard animals. In 20 Am. Jur. 2d *Covenants* sect. 188, it is stated:

> In the construction of restrictive covenants, the general rule of ejusdem generis applies. That is, in those instances where a particular enumeration in a restrictive covenant is followed by general terms, the latter will be understood as limited in their scope to matters and things of the same general kind or character as those specified in the particular enumeration, unless there is something to show a contrary intent.

Therefore, ducks and geese, like chickens, may not be kept on any of the lots within the Shannon Woods Subdivision. While the court was not so persuaded, the defendant claimed that the nine fowl, which the court found were chickens, were guinea fowl. Had they been guinea fowl, they would still be prohibited as "other objectionable animals." This interpretation would appear to conform to both the intention of the developer and the expectations of the purchasers who purchased lots in Shannon Woods relying on the residential character of the restrictive covenants.

Defendants Sheedy claimed in their defense that conditions in the neighborhood had changed so as to permit the keeping of domestic fowl in enclosed cages or pens. "When a party seeks to defeat their enforcement (of restrictive covenants) on the grounds of changed conditions in the neighborhood, he must prove the conditions of the whole neighborhood have changed so radically as to adversely destroy the essential purposes and objective of the agreement." *Marks v. Wingfield*, 229 Va. 573, 576, 331 S.E.2d 463 (1985). In this case, the Sheedys have failed to show that there has been any change in the neighborhood which would vitiate the covenants, rather the evidence shows clearly that Shannon Woods is a residential development and has maintained its residential character since it was initially developed in 1977.

### III. *Decision*

For the foregoing reasons, it is adjudged and decreed that:

Defendants, Emmett Joseph Sheedy and Mary Elaine Sheedy, are permanently enjoined from keeping chickens, ducks, geese, or guinea fowl on lot four of Shannon Woods Subdivision. The Sheedys shall have until January 5, 1992, to remove the fowl from their lot.

Complainants shall recover their costs from the defendants in this case.

This is a final decree as announced from the bench at the conclusion of the trial, and the Clerk shall send an attested copy of this decree to Counsel of Record who shall file such objections thereto as deemed advisable within ten days of their receipt of a copy of this decree.